# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LOVELL JAVHON JONES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-1639-TWT-CMS |
| MAGNOLIA HOTEL, | : | |
| THE PATAL FAMILY, | : | |
| DAVID PATAL, and | : | |
| CARTER PATAL, | : | |
|     Defendants. | : | |

## **FINAL REPORT AND RECOMMENDATION**

Lovell Javhon Jones is incarcerated in the Henderson County Detention Center in Henderson, Kentucky, and his Complaint [1] is before the Court for screening pursuant to 28 U.S.C. § 1915A. Because Jones's Complaint, as drafted, fails to state any claims upon which relief may be granted, I **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.

I have construed Jones's Complaint liberally because he is proceeding *pro se. See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) . However, because Jones may only represent himself, I have considered only the claims in his Complaint that relate to alleged violations of his rights (and not those of anyone else), *see* 28 U.S.C. § 1654 ("parties may plead and

conduct their own cases personally"), and I have been mindful that "'even in the case of *pro se* litigants this leniency does not give a court license to act as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action,'" *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotation marks and citation omitted).

So construed, Jones alleges that he resided in the Magnolia Hotel in Jonesboro, Georgia for twenty-nine days until it "was raided and shut down by the Clayton County Sheriff's Department, due to violation of several State health codes, black mold, bug infestation, and drug and prost[itu]tion activity" on December 29, 2016.[1] Jones alleges generally that he did "janitorial and contract work" for which he was "underpaid." Specifically, Jones alleges that he "painted [and] fix[ed] holes in walls in over 12 rooms and was paid only $50-60" for his work. Jones further alleges that conditions at the hotel jeopardized his "li[fe] and health" and that he "could have died from exposure to black mold." Jones complains that this series of events interfered with his plans "to start a new job through Chase Professionals and attend college at Saint Leo University, both of Morrow,

---

[1] Jones also acknowledges that he "was arrested that day," although he does not say by what agency or on what charges. *See* [1] at 5.

Georgia." For this, Jones demands $1,000,000 in damages from the Magnolia Hotel and its owners/managers, members of the Patal family. *See* [1] at 4-6.

"Federal courts are courts of limited subject-matter jurisdiction," *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1316 (11th Cir. 2017), and "[j]urisdiction is a prerequisite to the legitimate exercise of judicial power," *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 779 (11th Cir. 2005). Federal subject-matter jurisdiction exists only where (1) a specific statutory grant confers it, (2) a federal question is raised under 28 U.S.C. § 1331, or (3) the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met.

Here, although Jones used a form intended for a "Civil Rights Complaint . . . by a *Pro Se* Prisoner Under 42 U.S.C. § 1983 or Under *Bivens v. Six Unknown Fed. Narcotics Agents* [sic]," *see* [1] at caption, it is readily evident that his complaint raises no claims under § 1983 or *Bivens*, because he has named only private parties as defendants, not state or federal actors. Similarly, it is readily evident that Jones failed to identify any specific provision of the "Constitution, laws, or treaties of the United States" that allegedly has been violated, so as to give rise to a federal question under

§ 1331.[2] Because Jones has not identified a specific statutory grant of jurisdiction or a federal question, I consider whether Jones has properly invoked this Court's diversity jurisdiction.

There are at least two reasons that Jones's Complaint, as drafted, fails to satisfy the requirements for invoking this Court's diversity jurisdiction. First, Jones did not ask this Court to exercise diversity jurisdiction, and he has not alleged that he is domiciled in Kentucky, only that he is incarcerated there. "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A., v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011). If anything, Jones's specific allegations suggest that Georgia remains his domicile, as he stated his intention to pursue both a new career and higher education in Morrow, Georgia. Second, "the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount'" of $75,000 required to invoke diversity

---

[2] For example, Jones's allegations are too sparse and conclusory to allow this Court to determine whether the Fair Labor Standards Act (the "FLSA") applies here. *See* 29 U.S.C. §§ 201-219; *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1299 (11th Cir. 2011) (discussing "direct" claims and "derivative" claims, as well as "individual coverage" and "enterprise coverage," under the FLSA).

jurisdiction under § 1332(a). *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Jones has identified no specific physical or emotional injury that he suffered, and his claim for wages for less than one month's worth of "janitorial and contract work" does not plausibly reach the required threshold of $75,000 under § 1332(a). *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058-1061-62 (11th Cir. 2010) ("Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.") (internal quotation marks, ellipsis, and citation omitted).

I note that I have recommended that the Complaint be dismissed without prejudice because it is possible that Jones may be able to prepare in the future a more-carefully-drafted complaint that states a claim upon which relief may be granted. *See, e.g., Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2015). Dismissal without prejudice will afford Jones the opportunity to prepare a more-carefully-drafted complaint, should he choose to do so, without artificial time pressure.[3]

---

[3] Jones should be aware that the United States Department of Labor and the Georgia Department of Labor have websites that provide basic information about federal and state employment laws (including minimum

Finally, I **DENY WITHOUT PREJUDICE** Jones's application for permission to proceed *in forma pauperis* ("IFP") [2] because it is missing a copy of his inmate account statement. In the event that Jones files any Objections to this Final Report and Recommendation, I **ORDER** him to submit with his Objections a complete IFP application, with *all* required signatures, certifications, and attachments. *See* 28 U.S.C. § 1915(a)(2).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 26th day of May, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

wages) and that the United States Department of Labor's website includes information about filing wage and hour complaints. *See* https://www.dol.gov/whd/howtofilecomplaint.htm.